United States District Court
Southern District of Texas
**ENTERED**
May 31, 2019
David J. Bradley, Clerk

United States District Court　　　　　　　Southern District of Texas

| | |
|---|---|
| Randall Joe Dobbs, § <br>   Petitioner, § <br> § <br> v. § <br> §  Civil Action H-18-1134 <br> Lorie Davis, § <br> Director, Texas Department of § <br> Criminal Justice, Correctional § <br> Institutions Division, § <br>   Respondent. § | |

# Memorandum and Recommendation

Randall Dobbs filed a petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging the outcome of a prison disciplinary proceeding. (D.E. 1.) Lorie Davis has moved to transfer venue to the Galveston Division or, in the alternative, for summary judgment. (D.E. 13.) The court recommends that Davis's motion for summary judgment be granted and Dobbs's petition be denied with prejudice.

*1. Background*

Dobbs is serving a seven-year sentence for driving while intoxicated. On November 1, 2017, a prison officer filed an offense report alleging that Dobbs hit her hand with a book during a routine search. The offense report stated that Dobbs threw papers at the table where the officer was searching his belongings. The officer twice warned Dobbs but Dobbs went on to strike her hand with a book. The officer was not injured.

The disciplinary hearing was held on November 3, 2017. Dobbs testified that any contact he made with the officer was an accident. The officer testified that Dobbs intentionally struck her. Another officer who witnessed the incident submitted a statement stating that Dobbs intentionally struck the officer.

The disciplinary hearing officer found Dobbs guilty. As punishment, the disciplinary officer ordered (1) forty-five days of commissary restriction, telephone restriction, and cell restriction; (2) reduction in line class from S3 to L2; and (3) loss of 250 days of good time.

Dobbs submitted a step-one grievance, arguing that an investigation would have revealed witnesses who would have exonerated him. The step-one grievance was denied. Dobbs submitted a step-two grievance, arguing that the complaining officer lied, and that another inmate who was sitting across from Dobbs during the search witnessed the actual course of events. The step-two grievance was denied.

Dobbs filed the present petition seeking federal habeas relief. Lorie Davis moved to transfer venue, or, in the alternative, for summary judgment.

2. *Venue is proper in the Houston Division.*

Dobbs is incarcerated in the Wayne Scott Unit of the Texas Department of Criminal Justice in Brazoria County, within the Galveston Division of this district. *See* 28 U.S.C. § 124(b)(1) (2018). Venue is proper in any division in this district because Mr. Dobbs was convicted and sentenced by a state court located in this district and is in custody within this district. *See* 28 U.S.C. § 2241(d).

Although Dobbs could have filed his petition in the Galveston Division, the parties would not be inconvenienced by retaining venue in the Houston Division. *See* 28 U.S.C. § 1404(a) ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought . . . ."). Davis has filed the state court records and no evidentiary hearing is necessary. Therefore, the court denies Davis's motion to transfer venue.

3. *Analysis*

Dobbs's federal habeas petition states four grounds for relief: (1) Dobbs is a minimum security risk inmate but is held at a medium

security facility; (2) the complaining officer lied at the hearing, and Dobbs's counsel substitute was biased against him; (3) the complaining officer was biased because she previously accused Dobbs of violating another TDCJ policy but the accusation turned out to be false; and (4) the reduction of line class made him ineligible for parole.

Davis argues that Dobbs failed to exhaust all claims except for his claim that the complaining officer lied. Davis argues that sufficient evidence supports the outcome of the prison disciplinary hearing and Dobbs has failed to show that his due process rights were violated.

Dobbs has exhausted his claims. To exhaust a claim challenging a prison disciplinary hearing, a prisoner must complete a two-step grievance with the TDCJ. *See* 28 U.S.C. § 2254(b)–(c) (a petitioner seeking federal habeas relief must first exhaust available state remedies); *Baxter v. Estelle*, 614 F.2d 1030, 1031–32 (5th Cir. 1980) (the "court may not grant habeas corpus relief to a petitioner who has failed to exhaust all administrative remedies" including an appeal to the Director of Corrections). Dobbs's federal habeas petition generally argues that his disciplinary proceeding was unfair. *See Guidroz v. Lynaugh*, 852 F.2d 832, 834 (5th Cir. 1988) ("[P]ro se habeas corpus petitions must be construed liberally."). Because Dobbs's step two grievance with the TDCJ challenged the fairness of his prison disciplinary hearing, Dobbs has exhausted his claims. To the extent that any claim is unexhausted, the court may still reach its merits. *See* 28 U.S.C. § 2254(b)(2).

   *A. Legal standard*

An inmate's rights in the prison disciplinary setting are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974). In the context of institutional rules violations, the Due Process Clause is triggered only when the disciplinary action results in a sanction that infringes upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472, 486 (1995)

(disciplinary confinement of inmates itself does not implicate constitutional liberty interests); *see also Toney v. Owens*, 779 F.3d 330, 336 (5th Cir. 2015). Only those state-created substantive interests that affect the fact or duration of confinement may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487; *see also Orellana v. Kyle*, 65 F.3d 29, 31–32 (5th Cir. 1995). A Texas prisoner is entitled to due process in the prison disciplinary context only when the following criteria are met: (1) he must be eligible for mandatory supervision; and (2) the disciplinary punishment resulted in a loss of good time credit. *See Malchi v. Thaler*, 211 F.3d 953, 957–59 (5th Cir. 2000).

*B. Good time credit.*

Davis concedes that Dobbs has a liberty interest in his lost good conduct time because he is eligible for release on mandatory supervision. He was therefore entitled to "those minimum procedures appropriate under the circumstances and required by the due process clause to insure that this state-created right is not arbitrarily abrogated." *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (citing *Wolff*, 418 U.S. at 557).

Under *Wolff*, procedural due process requires: (1) advance written notice of the disciplinary charges; (2) a written statement by the fact finder of the evidence relied upon and the reason for the disciplinary action; and (3) an opportunity to call witnesses and present documentary evidence when the presentation is not unduly hazardous to institutional safety and correctional goals. *See Wolff*, 418 U.S. at 563–67.

The court has reviewed the records of the hearing and the recording of the hearing submitted by Davis. Dobbs received due process. Dobbs was notified of the hearing on November 1, 2017, two days before the hearing date. (D.E. 14-2 at 2.) Dobbs elected not to call any witnesses or present evidence. (*See* D.E. 14-2 at 10.) The hearing officer accepted his proffer of what the absent witnesses would have said. Dobbs was allowed to question the accusing officer although the hearing officer did not permit him to question the

accusing officer's authority. The hearing officer provided a written statement explaining the disciplinary action taken against Dobbs and listing the evidence supporting the conviction. The hearing officer did not violate Dobbs's due process rights.

To the extent that Dobbs challenges the sufficiency of evidence, his claim lacks merit. Dobbs has not shown that the disciplinary officer abused her discretion in finding him guilty. *See Smith v. Rabalais*, 659 F.2d 539, 544–45 (5th Cir. 1981) (applying the abuse of discretion standard). There is no abuse of discretion where "some facts" or "any evidence at all" support the prison disciplinary board's finding. *See id.* at 545. Here, the complaining officer set forth sufficient facts to show that Dobbs assaulted her. Her testimony was corroborated by the written statement of an officer who witnessed the incident. The evidence was sufficient.

Dobbs's claim that the complaining officer and his counsel substitute were biased against him is conclusory and does not merit habeas relief. *See Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990) ("Although pro se habeas petitions must be construed liberally, mere conclusory allegations on a critical issue are insufficient to raise a constitutional issue.").

Dobbs's due process rights were not violated in his disciplinary hearing. Davis is entitled to summary judgment on this issue.

### C. Punishments that do not invoke constitutionally protected interests

The rest of the punishments—transfer to a medium-security facility, forty-five days of commissary restriction, telephone restriction, cell restriction, and reduction in line class—are mere changes in conditions of confinement that do not invoke constitutionally protected interests. *See Madison*, 104 F.3d at 767 ("[T]he Due Process Clause does not protect every change in the conditions of confinement which has a substantial adverse effect upon a prisoner."); *see Malchi*, 211 F.3d at 959 (the effect of lowered time-earning class on the timing of release is too speculative to afford the petitioner a right to a particular time-earning status).

Dobbs is not entitled to habeas relief with respect to the remainder of his claims.

*4. Conclusion*

Dobbs has not established a constitutional violation. The court therefore recommends that Davis's motion for summary judgment be granted and Dobbs's petition be denied with prejudice. Because reasonable jurists would not find the court's assessment of Dobbs's claims debatable or wrong, the court recommends that a certificate of appealability not be issued.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on May 31, 2019.

_____
Peter Bray
United States Magistrate Judge